Prob 12B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PETITION TO MODIFY THE CONDITIONS OR TERM OF SUPERVISION
WITH CONSENT OF THE OFFENDER
*(Probation Form 49, Waiver of Hearing, is on file)*

| | |
|---|---|
| **Offender Name:** | Keith Lamont HOLLOWAY |
| **Docket Number:** | 2:03CR00557-01 |
| **Offender Address:** | Sacramento, California |
| **Judicial Officer:** | Honorable Garland E. Burrell, Jr.<br>United States District Judge<br>Sacramento, California |
| **Original Sentence Date:** | 04/08/2005 |
| **Original Offense:** | 21 USC 841(a)(1) - Distribution of Cocaine Base<br>(CLASS C FELONY) |
| **Original Sentence:** | 65 months custody of the Bureau of Prisons with a 48-month term of supervised release to commence upon release; $100 special assessment. |
| **Special Conditions:** | Warrantless search; Drug/alcohol treatment and testing; Aftercare co-payment; Cooperate in DNA collection. |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 09/28/2007 |
| **Assistant U.S. Attorney:** | Kenneth J. Melikian       **Telephone:** (916) 554-2700 |
| **Defense Attorney:** | Steven D. Bauer       **Telephone:** (916) 447-8262<br>(Appointed) |

**Other Court Action:**

**05/06/2008**:         Prob 12A1 - Report of Offender Non-Compliance regarding the use of marijuana on two occasions. The Court approved the plan for no further action at that time.

RE:     Keith Lamont HOLLOWAY
        Docket Number:  2:03CR00557-01
        **PETITION TO MODIFY THE CONDITIONS OR TERM**
        **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

---

## PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

1. As directed by the probation officer, the releasee shall have no direct or indirect contact, which shall include written, verbal, or internet contact, with Latres Marie Pearson.

2. As directed by the probation officer, the releasee shall participate in a program of mental health treatment (inpatient or outpatient).

**Justification:**   The following is a summary of two law enforcement contacts Holloway experienced during June and July, 2008.  No charges were filed regarding the June 2008, Sacramento County arrest.  As of August 13, 2008, no charges were filed concerning the San Joaquin County investigation of July 2008.

Regarding the first law enforcement contact, on June 17, 2008, Holloway was arrested by the Sacramento County Sheriff's Department on a charge of Inflicting Corporal Injury on a Spouse/Co-habitant.  The victim stated she had minor injuries and did not need medical attention.  The sheriff's department had responded to two different calls prior to Holloway's arrest.  The first call was made on June 16, 2008, when the victim had reportedly argued with Holloway.  Deputies conducted a stand-by for the victim to retieve her belongings from the residence.  The second call to the location occurred on June 17, 2008, when Holloway reported that the victim and her husband had entered his residence with a key and stolen several items of his property.

On June 17, 2008, during Holloway's arrest by the sheriff's department, the arrest report noted the victim appeared to be under the influence of alcohol at the time.  The victim and Holloway had lived for several months together while the victim's husband was incarcerated.  She claimed he assaulted her two weeks prior to the arrest.  The victim claimed Holloway grabbed her by the throat with his hand and pushed her back and forth.  The victim stated that when the incident occurred, she elected

RE:     Keith Lamont HOLLOWAY
        Docket Number:  2:03CR00557-01
        PETITION TO MODIFY THE CONDITIONS OR TERM
        OF SUPERVISION WITH CONSENT OF THE OFFENDER

not to contact the sheriff's department, but instead fled to the city of Stockton. While investigating the incident, the victim apparently began to argue with several people in the area and became increasingly belligerent. The sheriff's deputy advised the victim if she refused to leave the area, she would be arrested for public intoxication.

According to Holloway, shortly after midnight on June 17, 2008, the victim, accompanied by her husband, Walter Pearson, returned to Holloway's apartment and entered using a key. Holloway questioned them when they entered the residence and Pearson allegedly swung a knife at Holloway and cut his hand. The victim and Pearson allegedly took two cell phones, $600 in cash, and the releasee's wallet before departing. Holloway contacted the Sacramento County Sheriff's Department concerning that incident. Pearson's parole agent in Stockton was eventually advised of the incident. After law enforcement attempted to contact Pearson at one of his relative's homes, the victim reportedly left a voicemail message for Holloway indicating that she was coming to Sacramento to have Holloway arrested and that he should not have talked to Pearson's parole agent. At the time of Holloway's arrest, the victim did not have any visible injuries or complaints of pain. However, Holloway had a minor laceration to the side of his hand. Holloway declined to make a statement about the incident that allegedly occurred two weeks prior to his arrest. According to the Sacramento County Jail, on June 19, 2008, no charges were filed against the releasee.

With respect to the second law enforcement event, on July 13, 2008, the releasee contacted the Stockton Police Department to complain that he had been slapped by his girlfriend, Latres Pearson, but did not want to give her address because he did not want her to get into trouble. He simply wanted it on record that he called in case she tried to call to complain about him.

On July 15, 2008, the Stockton Police Department received a complaint from Holloway's ex-girlfriend that Holloway battered her causing injuries and threatened to kill her on July 6, 2008, kidnapped her on July 13, 2008, and threatened to shoot her on July 15, 2008. The victim reported she and Holloway were in a dating relationship for six years and she alleged Holloway had battered her 10 to 12 times a month. Since their break-up on June 17, 2008, the victim stated Holloway repeatedly called her telephone number in an attempt to pursuade her to return to him. When asked

3

Rev. 05/2008
VIOLATION__PETITION (PROB12B)
(MODIFICATION).MRG

RE:   Keith Lamont HOLLOWAY
         Docket Number:  2:03CR00557-01
         **PETITION TO MODIFY THE CONDITIONS OR TERM**
         **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

if the victim called the police when Holloway threatened her, she replied, "No."  She claimed since leaving Holloway in the Sacramento area, she has associated with Holloway on two occasions.  She alleged Holloway became angry with her and accused her of seeing another man, resulting in him grabbing the victim around her throat with one of his hands, and squeezing until the victim was unable to breathe.  She alleged Holloway slapped the victim three to four times while yelling at her.  She also alleged that Holloway took her cell phone.  The victim claimed she and Holloway met again on July 13, 2008, at a park in Stockton, California.  The victim alleged another argument occurred, and when she attempted to leave, the releasee allegedly grabbed her by the arm, walked her to the car, and pushed her into the passenger seat, and stated he was returning her to the Sacramento area.  Holloway reportedly drove to a shopping center and became distraught when the victim reportedly refused to come back to him.  He allegedly began striking himself in the head with a bottle of cognac.  The victim stated she did not want to be accused of hitting the releasee, so she left the car and walked to a nearby market.  Later, she returned to the car hoping that Holloway was gone.  She observed the releasee standing outside the car and before she could start the car and leave, the releasee reportedly pushed her into the car and the victim was unable to fight him off.  Holloway reportedly drove the car on Highway 99, and the victim allegedly leaned out the window and began yelling for assistance.  Holloway reportedly rolled the window up on the victim's right arm, and the victim struck him and told him to roll the window down.  Holloway then tried to give the victim some money, but the victim refused and Holloway threw the money out of the car.  Holloway reportedly exited the highway and drove the victim to another location at a shopping center, left the car, and walked away.  The victim alleged Holloway continued calling the victim until July 15, 2008.  He again accused the victim of seeing other men, and claimed he had nothing to live for, reportedly stating he was going to shoot her in the car and he did not care if her son was in the car with her.

The police report indicates the victim had what appeared to be some swelling and discoloration to her upper right arm.  The victim said that this injury was from July 6, 2008.  There were marks on the victim's right wrist that she said was from July 16, 2008.  An emergency protective order was requested and obtained.  Holloway contacted the victim while the police officer was interviewing her.  The victim allowed the officer to hear a portion of the conversation.  The officer wrote a message for the victim to ask the caller why he wanted to kill her.  Holloway replied "You know that

**RE:   Keith Lamont HOLLOWAY**
      **Docket Number:  2:03CR00557-01**
      **PETITION TO MODIFY THE CONDITIONS OR TERM**
      **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

I've been hurting.  That was when I was like that." The police officer then introduced himself to the caller on the telephone and Holloway identified himself.  Holloway denied beating the victim on July 6, 2008.  He said she was the one who picked him up and he denied hitting or threatening to kill her.  Holloway denied forcing the victim to get into her car after they argued on July 13, 2008.  Holloway said that she again picked him up and drove him to the park.  The releasee said that when they began arguing, he left and has not seen her since.  Holloway confirmed that he spoke with the victim today after she called him, and he denied threatening to kill her.  The releasee was informed there was an emergency protective order and he was not permitted to contact the victim in any way until he is served with another court date, or until July 22, 2008. During the investigation, it was also discovered the releasee has an outstanding arrest warrant in San Joaquin Municipal Court with bail set at $5,000.  The San Joaquin County District Attorney's Office confirmed no charges have been filed at this point.  Holloway has been informed of the existence of the outstanding bench warrant that was apparently related to a 2003 incident that may have been initially a domestic violence matter but the District Attorney's office revealed it involves vandalism.  Holloway has been instructed to address and clear up that matter.  A message left by the probation officer with the investigating police officer has gone unanswered.

Holloway now resides with his aunt in the South Sacramento area.  He has been employed in the Stockton area and he recently found new employment in the Sacramento area through a temporary employment agency.  Holloway has been encouraged and instructed to find permanent employment in the Sacramento area.  The releasee has been sternly instructed to have absolutely no further contact with the victim in this matter, either directly or indirectly, or face a likely Court appearance.  The probation officer has received no further information or reports of similar conduct by Holloway with the alleged victim since the San Joaquin County incident.  Furthermore, the releasee has been compliant with daily telephone calls to the probation officer.  Holloway has also been referred for substance abuse counseling and he is enrolled in the random urinalysis program.

The above-referenced conduct involved the releasee and the same victim, each offering a different version of the events.  To date, no charges were filed in connection with either incident in either county.  The releasee made reports with law enforcement agencies that preceded the reports made

RE:   Keith Lamont HOLLOWAY
      Docket Number:  2:03CR00557-01
      **PETITION TO MODIFY THE CONDITIONS OR TERM**
      **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

by the victim.  In light of the absence of a credible charge and given the conflicting description of events offered by both parties, the proposed modification of the release conditions is recommended to address the conduct and provide for community protection and correctional treatment opportunities.  Holloway has agreed with the modifications as evidenced by his signature on a Waiver of Hearing form.  However, if Holloway has further, verified, contact with the alleged victim noted above, the Court will be notified with a recommendation for further action.

Respectfully submitted,

/s/ Terence E. Sherbondy

**TERENCE E. SHERBONDY**
**Senior United States Probation Officer**
Telephone:  (916) 786-6147

DATED:   August 14, 2008
         Roseville, California
         tes:cd


REVIEWED BY:    /s/ Richard A. Ertola
                **RICHARD A. ERTOLA**
                **Supervising United States Probation Officer**

RE:     **Keith Lamont HOLLOWAY**
        **Docket Number:  2:03CR00557-01**
        **PETITION TO MODIFY THE CONDITIONS OR TERM**
        **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

---

**THE COURT ORDERS:**

(X)     Modification approved as recommended.

( )     Modification not approved at this time.  Probation Officer to contact Court.

( )     Other:

Dated:  August 21, 2008

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge

cc:     United States Probation
        Kenneth J. Melikian, Assistant United States Attorney
        Steven D. Bauer, Assistant Federal Defender
        Defendant
        Court File